# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE ONE, JOHN DOE TWO, and JOHN DOE THREE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA, INC., AETNA HEALTHCARE, INC., AETNA SPECIALTY PHARMACY, LLC, and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 14cv2986-LAB (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

On September 17, 2015, the parties filed a Joint Motion for Determination of Discovery Dispute Relating to Plaintiffs' Application to Take Deposition of Elizabeth Engelhardt. (ECF No. 32.) Having reviewed the parties' submissions, the Court **GRANTS** Plaintiffs' request to take the deposition, as outlined below.

## I. BACKGROUND

Plaintiffs brought this class action lawsuit to challenge Defendants' implementation of a prescription drug program that would purportedly require HIV/AIDS patients who are enrolled in health care plans insured or administered by Defendants to obtain certain

specialty medications by mail order (the "Program").  (ECF No. 17.)  On June 22, 2015, Defendants filed a Rule 12(b)(6) Motion to Dismiss, arguing they had abandoned the Program, and therefore Plaintiffs lack standing.  (ECF No. 32.)  Thereafter, Plaintiffs filed a Motion for Determination that Plaintiffs are Entitled to Attorneys' Fees Under ERISA and Cal. C.C.P. Section 1021.5 ("Catalyst Motion").  (ECF No. 24.)  Plaintiffs argue they are entitled to attorneys' fees and expenses because this lawsuit was the catalyst for Defendants' decision to discontinue the Program.  Defendants have opposed the motion, and contend that they decided not to implement the Program before this lawsuit was filed.  (ECF No. 29.)  In support of their opposition, Defendants submitted the declaration of Elizabeth Englehardt to rebut the chronology of events presented by Plaintiffs.  (ECF No. 29-1.)

The Motion to Dismiss is currently under submission.  (ECF No. 33.)  The Catalyst Motion is not yet fully briefed; Plaintiff's reply is due October 16, 2015.  (ECF No. 31.)

On September 17, 2015, the parties filed the instant motion.  (ECF No. 32.)  Plaintiffs request permission to take the deposition of Ms. Engelhardt prior to the Rule 26(f) conference.  Plaintiffs argue good cause exists to allow the deposition because it would assist in determining the disputed facts regarding the Catalyst Motion.  Defendants oppose the request.

## II. DISCUSSION

In accordance with Federal Rule of Civil Procedure 26(d), discovery generally does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless allowed by court order or agreement of the parties.  Fed. R. Civ. Pro. 26(f).  A court may permit early discovery if the requesting party demonstrates good cause.  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.*  In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending;

(2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet., Inc. v. Davis*, 673 F. Supp. 2d at 1062, 1067 (C.D. Cal. 2009); *Apple Inc. v. Samsung Electronics Co., Ltd.,* 768 F.Supp.2d 1040, 1044 (N.D. Cal. 2011).

Here, the Court finds that, on balance, the factors set forth in *Am. LegalNet., Inc.v. Davis* weigh in favor of Plaintiffs' request to conduct expedited discovery.  First, there is not a motion for preliminary injunction pending, which weights against Plaintiffs.  However, due to the somewhat unique procedural posture of this case, there is a pending Catalyst Motion, and the discovery that Plaintiffs' seek is directly relevant to that motion.  Second, Plaintiffs request to take only a single deposition.  Third, the deposition appears narrowly tailored to the issues in the Catalyst Motion.  Specifically, Plaintiffs seek information from Ms. Engelhardt, who Defendants rely on in opposing the Catalyst Motion, about whether this lawsuit had an effect on Defendants' decision to abandon the Program.  Fourth, the burden on Defendants is relatively minimal.  Plaintiffs request a single deposition, and have agreed to take the deposition in New York, close to Ms. Engelhardt's business office.

Finally, the Court notes that Plaintiff has requested discovery to start fairly far in advance of the normal course of discovery in this district.  Defendants argue it would be unreasonable and unduly burdensome to allow expedited discovery in light of the pending Motion to Dismiss.  However, given the unusual posture of this case, the disposition of the Motion to Dismiss may not necessarily moot Plaintiffs' Catalyst Motion.  In addition, if Plaintiffs are required to wait to take discovery in the normal course, they will not have an opportunity to obtain discovery regarding Defendants' decision to abandon the Program before the Catalyst Motion is decided.  Therefore, although a motion to dismiss may weigh against expedited discovery in some cases, the Court finds that in the particular circumstances of this action, where there is also a pending Catalyst Motion, early discovery is appropriate.

1    Defendants also argue the deposition is inappropriate because much of the testimony
2 Plaintiffs are likely to seek is protected by the attorney-client privilege.  Plaintiffs counter
3 that Defendants have implicitly waived any attorney-client privilege regarding their
4 decision to abandon the Program.  The Court does not find, on the record before it, that
5 there has been an implied waiver of the attorney-client privilege.  Defendants have not
6 asserted an advice of counsel defense or taken any other affirmative act that would signal
7 an implied waiver of the attorney-client privilege has occurred.  *See Laser Industries Inc.*
8 *v. Reliant Technologies, Inc.*, 167 F.R.D. 417, 446 (N.D. Cal. 1996) (stating "[a]n implied
9 waiver of the privilege occurs if '(1) [t]he party asserting the privilege acts affirmatively
10 (2) to place the privileged communications in issue between the party seeking discovery
11 and itself (3) such that denying access to the communication becomes manifestly unfair to
12 the party seeking discovery.'").  Therefore, the Court declines to find Defendants' have
13 waived the attorney-client privilege at this time.  The Court further finds that it is premature
14 to rule on Defendants' general claims of attorney-client privilege because no specific
15 question or line of inquiry have been posed for the Court to consider.  However, the Court
16 notes that Defendants asserted in the Motion to Dismiss that the reason they abandoned the
17 Program was "a business decision." (ECF No. 29 at 7.)  Therefore, Plaintiffs may be able
18 to inquire about Defendants' business decisions and the timing thereof, without invading
19 the attorney-client privilege.

20    In sum, the Court finds Plaintiff has shown good cause for early discovery.  The
21 information sought through the proposed deposition is relevant to the pending Catalyst
22 Motion and is likely to assist the Court in resolving the motion.  However, the Court finds
23 the deposition should be limited in duration.  The Court has reviewed Ms. Engelhardt's
24 declaration and determines that four (4) hours should be more than sufficient time for
25 Plaintiffs to inquire about Defendants' claims regarding their decision to discontinue the
26 Program.
27 / / /
28 / / /

## III. CONCLUSION

Plaintiffs have shown good cause for the early deposition of Elizabeth Engelhardt. Therefore, IT IS HEREBY ORDERED that Plaintiffs are permitted to depose Ms. Engelhardt in accordance with the terms of this order.

IT IS SO ORDERED.

Dated: September 25, 2015

Hon. David H. Bartick
United States Magistrate Judge